FILED

2018 JAN -2 AM 11: 43

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA FLORIDA

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JENNIFER GREENE, and )
VIRGINIA PETTIS, )
)
Plaintiffs, )
) 8:18-CV-001-T-27JSS
v. )
)
REGIONAL ADJUSTMENT BUREAU, INC., )
)
Defendant. )

### COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COME the Plaintiffs, JENNIFER GREENE and VIRGINIA PETTIS, by and through their attorneys, SMITHMARCO, P.C., and for their Complaint against the Defendant, REGIONAL ADJUSTMENT BUREAU, INC., the Plaintiffs state as follows:

#### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

#### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

#### III. PARTIES

4. JENNIFER GREENE, (hereinafter, "Greene") is an individual who was at all relevant times residing in the City of Clay, County of Onondaga, State of New York.

5. VIRGINIA PETTIS, (hereinafter, "Pettis") is an individual who was at all relevant times residing in the City of Lakeland, County of Polk, State of Florida.

$400 —
TPA 047953

6. The debt that Greene and Pettis were allegedly obligated to pay was a debt allegedly owed by them to Finance Authority of Maine (hereinafter, "the Debt").

7. The debt that Greene and Pettis allegedly owed Finance Authority of Maine was a debt that was incurred for the personal use of Greene and/or Pettis.

8. At all relevant times, Greene and Pettis were both a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

9. REGIONAL ADJUSTMENT BUREAU, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Florida. Defendant's principal place of business is located in the State of Tennessee. Defendant is incorporated in the State of Tennessee.

10. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

11. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

12. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

13. Defendant is a creditor who, in the process of collecting its own debt, used any name other that its own, which implied that a third party was collecting or attempting to collect such debts.

14. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

15. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. ALLEGATIONS

### COUNT I: JENNIFER GREENE v. REGIONAL ADJUSTMENT BUREAU, INC.

16. Greene re-alleges and incorporates by reference paragraphs 1-15 in this complaint as though fully set forth herein.

17. On or about January 15, 2017, Defendant mailed a correspondence dated January 15, 2017 in an attempt to collect the Debt from Greene.

18. The aforesaid correspondence was Defendant's initial mailing in an attempt to collect the Debt.

19. The aforesaid correspondence stated that the principal balance on the Debt was $38,639.39, that the interest on the Debt had accrued in the amount of $15,548.66 and that fees on the Debt had been incurred in the amount of $1,700.

20. In addition, the aforesaid correspondence stated: "The total amount of payments since the account was charged off is $0.00."

21. Defendant's representations, in its correspondence dated January 15, 2017, as delineated above, were false, deceptive and misleading given, *inter alia*, that Plaintiffs had made approximately (15) payments against the Debt since the date the Debt had been charged off.

22. Defendant's representations, in its correspondence to Plaintiff dated January 15, 2017, as delineated above, would cause an unsophisticated consumer to believe that payments being made against the Debt were not being accounted for and were not reducing the balance on the Debt.

23. Defendant's representations, in its correspondence to Plaintiff dated January 15, 2017, as delineated above, misrepresented the character, amount, and/or legal status of the Debt.

24. In its attempts to collect the debt allegedly owed by Greene to Finance Authority of Maine, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

   b. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

   c. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

   d. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

25. As a result of Defendant's violations as aforesaid, Greene has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, JENNIFER GREENE, by and through her attorneys, respectfully prays for Judgment to be entered in favor of JENNIFER GREENE and against Defendant as follows:

   a. All actual compensatory damages suffered;

   b. Statutory damages of $1,000.00;

   c. Plaintiff's attorneys' fees and costs;

   d. Any other relief deemed appropriate by this Honorable Court.

**COUNT II: VIRGINIA PETTIS v. REGIONAL ADJUSTMENT BUREAU, INC.**

26. Pettis re-alleges and incorporates by reference paragraphs 1-15 in this complaint as though fully set forth herein.

27. On or about January 15, 2017, Defendant mailed a correspondence dated January 15, 2017 in an attempt to collect the Debt from Pettis.

28. The aforesaid correspondence was Defendant's initial mailing in an attempt to collect the Debt.

29. The aforesaid correspondence stated that the principal balance on the Debt was $38,639.39, that the interest on the Debt had accrued in the amount of $15,548.66 and that fees on the Debt had been incurred in the amount of $1,700.

30. In addition, the aforesaid correspondence stated: "The total amount of payments since the account was charged off is $0.00."

31. Defendant's representations, in its correspondence dated January 15, 2017, as delineated above, were false, deceptive and misleading given, *inter alia*, that Plaintiffs had made approximately (15) payments against the Debt since the date the Debt had been charged off.

32. Defendant's representations, in its correspondence to Plaintiff dated January 15, 2017, as delineated above, would cause an unsophisticated consumer to believe that payments being made against the Debt were not being accounted for and were not reducing the balance on the Debt.

33. Defendant's representations, in its correspondence to Plaintiff dated January 15, 2017, as delineated above, misrepresented the character, amount, and/or legal status of the Debt.

34. On or about January 27, 2017, Defendant initiated a telephone call to Pettis' friend from her Church.

35. During the course of the aforementioned telephone call, Defendant's representative, Calvin Johnson, identified himself and asked Plaintiff's friend if she knew Pettis. Plaintiff's friend informed Mr. Johnson that she did know Pettis.

36. Without being prompted, Defendant informed Plaintiff's Church friend that he was calling because Pettis had a "business matter" with which Defendant needed to speak with her.

37. Pettis did not consent to Defendant contacting third parties.

38. Defendant was not attempting to communicate with Pettis about a business matter.

39. If the call between Defendant and Pettis' Church friend was an attempt by Defendant to obtain location information for Pettis then the disclosure of a putative "business matter" was beyond that permitted 15 U.S.C. §15 U.S.C. §1692b(1). Effectively, the communication between Defendant and Pettis' friend was an unlawful third-party communication in connection with the collection of a debt. Moreover, the communication misrepresented the purpose of the call as Defendant was not attempting to contact Pettis regarding a business matter but was in fact trying to contact Pettis to collect on a personal debt.

40. In its attempts to collect the debt allegedly owed by Pettis to Finance Authority of Maine, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

    a. Communicated in connection with the collection of any debt with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector in violation of 15 U.S.C. §1692c(b);

    b. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

    c. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

    d. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

  e. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

41. As a result of Defendant's violations as aforesaid, Pettis has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, VIRGINIA PETTIS, by and through her attorneys, respectfully prays for Judgment to be entered in favor of VIRGINIA PETTIS and against Defendant as follows:

  a. All actual compensatory damages suffered;

  b. Statutory damages of $1,000.00;

  c. Plaintiff's attorneys' fees and costs;

  d. Any other relief deemed appropriate by this Honorable Court.

## V. JURY DEMAND

42. Plaintiffs hereby demand a trial by jury on all issues so triable.

Respectfully submitted,
**JENNIFER GREENE & VIRGINIA PETTIS**

By: _____
David M. Marco
Attorney for Plaintiffs

Dated: December 29, 2017

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone: (312) 546-6539
Facsimile: (888) 418-1277
E-Mail: dmarco@smithmarco.com